## James M. Walker, exr. v. John L. Jones.

1. Bill of exceptions—Verdict—New trial—Presumptions—Record.—In an action of *assumpsit* founded on two sealed notes, one for $101 00, dated 1st November, 1860, and payable twelve months after date, the other, for $46 75, dated 4th October, 1860, payable twelve months after date, and the jury returned a verdict for $142 21, a sum less than that of the two notes without interest, upon which judgment was rendered and for costs ; and the record contains no bill of exceptions—shows no motion for a new trial, no motion to correct or amend the verdict for error in calculation, the verdict will not be set aside, nor a new trial granted—but, it and the judgment will be presumed to be correct,

Error to the circuit court of Madison county.    Campbell, J.

Plaintiff in error assigns the following errors :

1st. The verdict of the jury is contrary to the evidence in this, that the principal and interest on the two notes sued on amounted to more than fifty odd dollars more than the amount of the verdict found by the jury.

2d. The court below erred by rendering its judgment, because the verdict was contrary to the evidence, as appears of record.

*Semmes & Cooper*, for plaintiff in error.

The causes of action upon which this suit was instituted, were two notes executed and delivered to plaintiff in error

by defendant in error and one D. O. Jones, who was not sued, and the only plea to the declaration filed, was the general issue without notice.     It is contended that under said plea the only evidence that could be offered in the cause was the two notes sued on, and that defendant could offer, according to the pleading and practice of the courts of this state, nothing in evidence tending to prove that plaintiff was entitled to a judgment for a sum less than the principal and interest of said notes.     Rev. Code, 493, art. 97.

*Franklin Smith*, for defendant in error.

1st. Under the plea of general denial, there could have been established fraud, usury, forgery of the notes, payment, partial or in full, accord, satisfaction, failure, or want of consideration—anything, in fine, that could show that plaintiff's debt did not exist as he had claimed in his declaration. And in the absence of anything in the record to show the state of case before the jury, as presented by the evidence, the intendment is that the jury rendered a right verdict.

2d. After jury discharged, their verdict cannot be amended in matter of substance.  Walker v. Commissioners of Sinking Fund, 1 S. & M., 379.  Never, unless the jury are called back immediately, and they consent to the amendment of their verdict.   Russell v. Knowles, 4 How., 90 ; Dearing v. Ford, 13 S. & M., 275.

3d. If there were any mistake, miscalculation, a misrecital, apparent in the verdict, whereby the judgment might be safely amended, the application should have been made to the circuit court, or the judge in vacation, to amend.  Hutch. Code, 877, 878, § 96;  Code of 1857, 509, art. 186.  But then it could not have been amended by parol evidence, but only by matter of record.   Poole v. McLeod, 1 S. & M., 392 ; Russell and wife v. McDougall, 3 S. & M., 248 ; Moody v. Grant, 41 Miss., 565, 566 ; Dickson v. Huff, 3 How., 165 ; Boon v. Boon, 8 S. & M., 322.   And such amendment could not be made in any case but in such as is contemplated by the statute as safely allowable.  Wolf v. Preston & Sanders, 28 Miss., 751.

4th. But this is not an application to amend—the supreme court is appealed to correct an error " in the verdict of a jury " and a judgment of the court below, " on writ of error," without anything in the record by bill of exceptions, or motion for new trial, to advertise this court of what was all the evidence, or the substance of the evidence before the jury. This court is called on, in effect, to set aside a verdict and judgment three years old, without any embodiment of the state of the case before the jury, to show that they had decided wrongfully. The plaintiff in error "must show by the record " that the verdict and judgment were wrong— manifestly wrong; if not wrong, all the intendments are, that they are right.

Tarbell, J.:

Walker, as executor of deceased, brought suit against Jones upon two sealed notes, the following being copies :

" Twelve months after date we, or either of us, promise to pay J. M. Walker, executor of R. K. Plack, deceased, or order, the sum of one hundred and one dollars, for value received, the 1st day of November, 1860. Witness our hands and seal,

(Signed)            D. O. Jones, [seal].

"Jno. L. Jones, .[seal]."

" $46 75.            December 4th, 1860.

" Twelve months after date, we or either of us, promise to pay to the order of J. M. Walker, executor of Rufus K. Plack, deceased, forty-six dollars and seventy-five cents for value received.

(Signed)            D. O. Jones, [seal].

" Jno. L. Jones, [seal]."

The defendant, John L. Jones, appeared in person, and pleaded a general denial to the declaration. The suit was commenced in May, and was tried in October, 1867, at the Madison county circuit court, before the judge and a jury.

The record recites that a jury of good and lawful men were empannelled and sworn to try the issue joind, and that the jury upon their oaths, returned a verdict for the plaintiff

VOL II.—40

for the sum of one hundred and fifty-two dollars and ninety-one cents, upon which judgment was entered with costs.

There were no exceptions upon either side for any cause, nor was there a motion for a new trial. Neither does it appear that there was any application to correct or amend the verdict for error in calculation. Counsel for the respective parties have filed written arguments and briefs, but no evidence given upon the trial is furnished us by bill of exceptions or otherwise. Indeed, the papers contain no bill of exceptions. The case is brought here by the plaintiff in the suit, who assigns for error:

1st. That the verdict is contrary to the evidence, the principal and interest on the two notes sued on, amounting to about fifty dollars more than the amount assessed by the jury.

2d. The court erred in rendering judgment upon the verdict, because the verdict was contrary to the evidence.

Not even a protest to the verdict and judgment appears to have been presented. The petition for a writ of error was filed in 1860.

With this reference to what the record before us does not contain, counsel will hardly expect this court to interfere with the verdict, which must be presumed to have been correct. There was an issue and trial. Neither objection, exception, motion for new trial, application to amend, or testimony, appears in the record or papers before us. The presumptions are with the verdict, and not against it. There might have been a partial failure of consideration.

We are compelled to affirm the judgment, which is accordingly done.